UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>            Plaintiff,<br><br>v.<br><br>GERTRUDE ALLEN FAMILY LIMITED PARTNERSHIP, et al.,<br><br>            Defendants. | Case No. 18-cv-04082-JSW<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO DISMISS**<br><br>Re: Dkt. No. 26 |

This matter comes before the Court on consideration of the motion to dismiss filed by Defendant Gotelli Auto Supply ("Gotelli"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing set for August 16, 2019, and it GRANTS, IN PART, AND DENIES, IN PART, Gotelli's motion.[1]

**BACKGROUND**

On July 9, 2018, Plaintiff Samuel Love ("Love") filed the complaint in this case. Love is a "paraplegic who uses a wheelchair for mobility," and he alleges that, in May 2018, he went to Gotelli, which was located at 321 El Camino Real South, San Francisco. (Compl. ¶¶ 1, 10.) Defendant Gertrude Allen Family Limited Partnership (the "Partnership") owns the building at which Gotelli was located. (*Id.* ¶ 3; Declaration of Catherine Corfee ("Corfee Decl."), ¶ 3, Ex. B (Declaration of Laurie Allen dated April 22, 2019 ("4/22/19 Allen Decl."), ¶ 2).)

Love alleges that "none of the parking places were marked and reserved for persons with

---

[1] In light of this ruling, the Court DENIES, AS MOOT, Defendant's motion to appear by telephone at the hearing.

1

disabilities" and alleges that "[c]urrently, there is not a single parking space marked and reserved for persons with disabilities." (Compl. ¶¶ 13-14.) Love also alleges that he plans to return and patronize Gotelli but is deterred from visiting because of the lack of parking spaces for persons with disabilities. (*Id.* ¶ 19.) Based on those and other allegations that the Court shall address as necessary, Love alleges that Gotelli and the Partnership, violated the Americans With Disabilities Act of 1990, 42 U.S.C. sections 12101, *et seq.* (the "ADA Claim").[2] Love also asserts Defendants violated California's Unruh Civil Rights Act, California Civil Code sections 51 through 53 (the "Unruh Act Claim").

**ANALYSIS**

On April 22, 2019, Gotelli filed an answer to the Complaint. (Dkt. No. 16.) On June 13, 2019, it moved to dismiss for lack of subject matter jurisdiction. Gotelli argues that Love lacks standing and argues his ADA claim against it is moot because the Partnership evicted Gotelli, which vacated the premises on or about April 15, 2019. (Corfee Decl., ¶ 3; 4/22/19 Allen Decl., ¶¶ 1-2.)

**A.  General Order 56.**

Scheduling in this case is governed by Northern District General Order 56. Under that General Order discovery and other proceedings are stayed pending the outcome of certain proceedings. General Order 56 ¶ 2. If a party seeks relief from the deadlines or any other requirements of General Order 56, that party is required to file an administrative motion for relief. *Id.* ¶ 9.

Love objects to Gotelli's motion to dismiss on the basis that it did not seek relief from the stay imposed by Rule 56. In its motion, Gotelli did request administrative relief. However, it asked the Court to vacate the deadlines for the required joint site survey and for mediation. It did not ask the Court to lift the stay generally. Although Gotelli should also have asked to lift the stay so that it could file this motion, because the motion to dismiss implicates this Court's jurisdiction,

---

[2] To date, the Partnership has not appeared, but its representative has submitted two declarations in support of Gotelli's motion. (*See* 4/22/19 Allen Decl.; Dkt. No. 25-6, Declaration of Laurie Allen dated June 11, 2019 ("6/11/19 Allen Decl").)

2

the Court will not resolve the motion to dismiss on that procedural issue. The Court will address Gotelli's request to vacate the deadlines set by General Order 56 at the conclusion of the Order.

## B. Love Alleged He Had Standing to Seek Injunctive Relief Against Gotelli.

Gotelli argues Lovelacks standing to seek injunctive relief. The Court evaluates a motion to dismiss for lack of standing under Federal Rule of Civil Procedure 12(b)(1). *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where a defendant makes a facial attack on jurisdiction, factual allegations of the complaint are taken as true. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion dismiss, [courts] presume that general allegations embrace those specific facts that are necessary to support the claim.") (internal citation and quotations omitted). The plaintiff is then entitled to have those facts construed in the light most favorable to him or her. *Fed'n of African Am. Contractors*, 96 F.3d at 1207.

In contrast, a factual attack on subject matter jurisdiction occurs when, as here, a defendant challenges the actual lack of jurisdiction with affidavits or other evidence. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "When the defendant raises a factual attack, the plaintiff must support … jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Leite*, 749 F.3d at 1121 (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)). The district court may resolve those factual disputes itself, unless "the existence of jurisdiction turns on disputed factual issues[.]" *Id.* at 1121-22 (citations omitted).

At the pleading stage, a plaintiff "must 'clearly … allege facts demonstrating' each element" of Article III's standing requirements. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 922 (9th Cir. 2015) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). Those requirements are that the plaintiff "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, __ U.S. __, 136 S.Ct. 1540, 1547 (2016) (citing *Lujan*, 504 U.S.

4

at 560-61). In addition, "[s]tanding must be shown with respect to each form of relief sought, whether it be injunctive relief, damages or civil penalties." *Bates v. United Parcel Serv.*, 511 F.3d 974, 985 (9th Cir. 2007) (citing *Friends of the Earth v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000)).

In order to show standing to pursue injunctive relief, a plaintiff must "demonstrate that he has suffered or is threatened with a 'concrete and particularized' legal harm, coupled with a 'sufficient likelihood that he will again be wronged in a similar way.'" *Bates*, 511 F.3d at 985 (quoting first *Lujan*, 504 U.S. at 560 and then *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). The latter inquiry turns on whether the plaintiff has a "real and immediate threat of repeated injury." *Id.* The threat of future injury cannot be "conjectural or hypothetical" but must be "certainly impending" to constitute an injury in fact for injunctive relief purposes. *Davidson v. Kimberly Clark*, 889 F.3d 956, 967 (9th Cir. 2018).

At the time he filed the Complaint, Love alleged he desired to patronize Gotelli in the future but was deterred from doing so because of the lack of parking spaces. Those allegations were sufficient to allege standing to seek injunctive relief. *See, e.g., Skaff v. Meridien N. Am. Beverly Hills,* LLC, 506 F.3d 832, 838 (9th Cir. 2007) (citing *Lujan*, 504 U.S. at 569 n.4); *see also Kohler v. Southland Foods, Inc.*, 459 Fed. Appx. 617 (9th Cir. 2011).

Accordingly, the Court DENIES the motion to dismiss the ADA claim against Gotelli for lack of standing.

**C.     The Court Concludes the ADA Claim is Not Entirely Moot.**

Gotelli also moves to dismiss on the basis that the ADA claim against it is moot. "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *County of L.A. v. Davis*, 440 U.S. 625, 631 (1979) (internal quotations and citations omitted). Gotelli presents evidence that it has vacated the premises and does not intend to return there as a tenant. Therefore, the Court concludes the ADA claim is moot as to Gotelli.

Gotelli does argue the Court should dismiss the case in its entirety, but the Partnership is named as a defendant and has not yet appeared. Gotelli also has not produced evidence that the

5

Partnership does not intend to re-lease or reopen the property. For that reason, the Court finds the cases on which Gotelli relies to be distinguishable. *See, e.g., Kohler*, 459 Fed. Appx. at 617; *Johnson v. 162 Los Gatos-Saratoga Road, LLC*, No. 18-cv-5529-VKD, 2019 WL 2869949, at *3 (N.D. Cal. July 3, 2019) (finding ADA claim against property owner moot, where there was evidence building had been gutted and there were no plans for a future lease); *Johnson v. Lake Tahoe Partners*, No. S-13-2534 KJM KJN, 2014 WL 2548830, at *2-*3 (E.D. Cal. June 15, 2014) (citing cases). For example, in *Johnson v. Rai Rocklin Invs. LLC,* on which Gotelli relies, the court found claims against former owners of a restaurant were moot, but that the ADA claim against the property owner was not moot. No. 15-cv-02698-KJM-EF, 2017 WL 3421818, at *2 (E.D. Cal. Aug. 7, 2017).

Gotelli also argues the claims are moot because the Partnership has attempted to remedy the barriers addressed in the Complaint. (4/22/2019 Allen Decl., ¶ 3, Ex. B; 6/11/19 Allen Decl., ¶ 2, Ex. B.) Love argues that the claim is not moot because the Partnership could fail to maintain the parking spaces in the future and asserts, without evidence, that the Partnership has a history of failing to maintain the parking spaces. Because there is no evidence to suggest the Partnership will not be leasing the property in the future, the Court concludes that, on this record, Gotelli has not met its burden to show that the ADA claim is entirely moot, and the Court DENIES, IN PART, the motion on that basis.

**D. The Court Denies the Motion to Dismiss the Unruh Act Claim.**

Gotelli also argues the Court should decline to exercise supplemental jurisdiction over the Unruh Act claim. A district court may decline to exercise supplemental jurisdiction in a case arising from a common nucleus of operative fact where: (1) a novel or complex issue of state law is raised; (2) the claim substantially predominates over the federal claim; (3) the district court dismisses the federal claims; or (4) under exceptional circumstances. *See* 28 U.S.C. § 1367(c). In order to make this determination, courts should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (internal quotations and citations omitted).

Because the Court has not dismissed the ADA claim in its entirety, and because it is not

clear that Gotelli and Love have reached a settlement on the Unruh Act claim, the Court DENIES the motion to dismiss that claim. *Cf. Johnson v. Rai Rocklin*, 2017 WL 3421818, at *3.

E.	**The Court Will Not Vacate the General Order 56 Deadlines.**

Gotelli also moves to vacate the remaining deadlines set forth in General Order 56. Because the ADA claim against the Partnership remains, the Court will not vacate those deadlines in their entirety. However, Gotelli need not participate in any given proceeding unless Gotelli's participation is necessary to resolve the Unruh Act claim, for example, mediation.

**IT IS SO ORDERED.**

Dated: August 12, 2019

_____
JEFFREY S. WHITE
United States District Judge